# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

# AT ANCHORAGE

| | |
|---|---|
| **CODY SIEGMANN,** on behalf of himself and those similarly situated**,**<br><br>Plaintiff,<br><br>vs.<br><br>**M.A.C. Pizza Company, LLC, et al.,**<br><br>Defendants. | Case No. 3:20-cv-00215-JWS |

## JOINT MOTION FOR WAGE AND HOUR SETTLEMENT APPROVAL

Plaintiff hereby moves the Court for approval of the individual wage and hour settlement reached in the above captioned matter. As outlined in the memorandum below, the settlement agreement (attached as Exhibit 1) meets the standard for settlement approval.

           Respectfully submitted,

           /s/ *Sara L. Bloom*
           Sara L. Bloom, ASB #1509071
           1120 Huffman Rd. Ste. 24-785
           Anchorage, AK 99515
           (907) 519-3613 telephone
           (907) 345-8570 facsimile
           *sara@907lawyer.com*

/s/*Philip J. Krzeski*  
Philip J. Krzeski (*pro hac vice application pending*)  
Biller & Kimble, LLC  
8044 Montgomery Rd., Ste. 515  
Cincinnati, Ohio 45236  
Telephone: 513-7155-8712  
Fax: 614-340-4620  
pkrzeski@billerkimble.com

# MEMORANDUM IN SUPPORT OF WAGE AND HOUR SETTLEMENT

1. **Introduction**

   The Parties, Plaintiff Cody Siegmann and Defendants M.A.C. Pizza Company, LLC and Bryan Dobb ("Defendants") seek the Court's approval for this individual wage and hour settlement because it is fair and reasonable. Upon approval, Plaintiff asks that the Court dismiss this action with prejudice, but to retain jurisdiction to enforce the terms of the Settlement, if necessary.

2. **Background of the Lawsuit**

   Plaintiff delivered pizzas for a Domino's Pizza franchised restaurant owned and operated by Defendants who operate Domino's Pizza stores in Alaska.

   Plaintiff's claim in this lawsuit, which is subject to binding individual arbitration, is that Defendants paid Plaintiff at or near the applicable minimum wage and, at the same time, required Plaintiff to pay for his own delivery expenses like vehicle maintenance, insurance, vehicle wear and tear, etc. Plaintiff maintains that employers must reimburse their employees for these costs. *See, e.g.*, 29 C.F.R. § 531.35. Plaintiff alleges that Defendants under-reimbursed Plaintiff for costs incurred making deliveries on Defendants' behalf.

Plaintiff alleges that this policy violates the FLSA and the similar Alaska Wage and Hour Act (AS 23.10.050 - 23.10.150) ("AWHA") because he asserts Defendants are required to reimburse either for actual expenses incurred, with corresponding records kept of those expenses and reimbursements, or at the IRS standard business mileage rate (which was between $0.54 and $0.55 during the relevant time period). *See, e.g.,* DOL Handbook § 30c15(a); *Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-cv-516, 2018 WL 5800594, *4 (S.D. Ohio Nov. 6, 2018); *Hatmaker v. PJ Ohio, LLC*, No. 3:17-cv-146, 2019 WL 5725043, *7 (S.D. Ohio Nov. 5, 2019).

Defendants deny Plaintiff's claims entirely, deny any wrongdoing whatsoever, and assert that Defendants compensated delivery drivers in compliance with the FLSA and the AWHA at all times. Defendants claim that they may reasonably approximate the expenses associated with employees' business use of their personal vehicles, have adequately reimbursed Plaintiffs for all of their expenses, and have at all times paid them properly. *See, e.g.,* 29 C.F.R. § 778.217; U.S. Department of Labor Opinion Letter, FLSA2020-12 (Aug. 31, 2020); *Kennedy v. Mountainside Pizza, Inc. et al.*, 2020 WL 5076756, at *6 (D. Colo. Aug. 26, 2020); *Blose v. Jarinc,* Ltd, 2020 WL 5513383, at *2 (D. Colo. Sept. 14, 2020); *Sullivan v. PJ United, Inc.*, 362 F. Supp. 3d 1139, 1154 (N.D. Ala. 2018).

Plaintiff filed this case as a collective and class action under the FLSA and the AWHA. Shortly after the case was filed, counsel for Defendants informed counsel for Plaintiff of the existence of Plaintiff's arbitration agreement and the Parties began

negotiating a settlement. The Parties exchanged mileage and reimbursement data and engaged in several rounds of negotiation. Through this negotiation, the Parties were able to reach the fair and reasonable individual settlement described herein. The Parties now seek the Court's approval of this individual settlement.

   3. **Summary of Plaintiffs' Possible Damages and Settlement**

Defendants provided Plaintiff's counsel with data and records related to the miles driven by and reimbursement payments made to Plaintiff throughout the time-period relevant to his claim. Plaintiff agreed this data was an accurate reflection of the miles he drove and reimbursements he received during the time periods relevant to his claim.

Plaintiff alleges he is entitled to be paid either for his actual expense or at the IRS standard business mileage rate. As such, his total possible damages are reflected in the below chart:

| Plaintiff | Miles Driven | Reimbursements Paid | Average Reimbursement Rate | Alleged Damages assuming a $.55 per mile liability rate |
|---|---|---|---|---|
| Siegmann | 28,860.49 | $ 5,185.50 | $1.50 per delivery | $10,687.77 |

In addition to his alleged under-reimbursed expenses, Plaintiff is arguably entitled to liquidated damages under the FLSA and the AWHA, as well as reasonable attorney's fees. Of course, if Defendants are correct that they are permitted to reasonably approximate expenses, and that their reimbursement policy does reasonably approximate Plaintiff's expenses, Plaintiff would not be entitled to any damages whatsoever.

4. **Summary of Settlement Terms**

After exchanging information sufficient for the Parties to evaluate damages, the Parties negotiated the settlement agreement currently before the Court. The final settlement amount reflects Plaintiff's personal circumstances and appetite for risk. Plaintiff settled his claim for $17,500; $6,050.00 is allocated as wages and $6,050.00 as liquidated damages, with the remaining $5,400 allocated as attorney's fees and costs. Under the terms of his contingency fee agreement, Plaintiff agreed to pay up to one-third of his damages amount, minus attorney's fees awarded to his Counsel, plus costs to his counsel.

5. **The Standard for Settlement Approval**

In some jurisdictions,[1] when a current or former employee alleges a violation of the FLSA, either the Secretary of Labor must oversee the payment of unpaid wages, or if the employee brings a private action and the parties settle the matter, a district court may enter a stipulated judgment after evaluating, in its discretion, the parties' settlement terms for fairness and reasonableness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–1353 (11th Cir. 1982); *see also Allen v. Bedolla,* 787 F.3d 1218, 1222 (9th Cir. 2015) (citations omitted). Before approving an FLSA settlement, the trial court should ensure that it is "a fair and reasonable resolution of a bona fide dispute." *Lynn's,* 679 F.2d

---

[1] Alaska requires judicial approval of AWHA claims only for settlement of individual unpaid overtime claims under the AWHA. AS 23.10.110 (j). *See also DeSalvo v. Bryant,* 42 P.3d 525, 529 (Alaska 2002).

at 1354–55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354. *See also Grewe v. Cobalt Mortgage, Inc.*, C16-0577-JCC, 2016 WL 4014114, at *3 (W.D. Wash. July 27, 2016). In determining whether the Parties' Agreement is fair and reasonable, the Court should consider the following factors:

> (1) the plaintiff's range of possible recovery; (2) the stage or proceeding and amount of discovery completed; (3) the seriousness and litigation risks faced by the parties; (4) the scope of any release provision in the settlement agreement; (5) the experience and views of counsel and opinion of participating plaintiffs; and (6) the possibility of fraud or collusion.

*See, e.g., Luo v. Zynga, Inc.*, No. 13-cv-00186, 2014 WL 457742 (N.D. Cal. Jan. 31, 2014). There is a strong judicial policy" that "favors settlements." *Class Plaintiffs v. City of Seattle,* 955 F.2d 1268, 1276 (9th Cir.1992).

Here, the settlements are the product of a *bona fide* dispute—Plaintiff believes he is entitled to actual expenses or reimbursement at the IRS standard business mileage rate, whereas Defendants believe their reimbursement policy complies with the law. The settlements were reached through arms-length negotiation between counsel for the Parties after an exchange of the data necessary to evaluate the Parties' respective positions. Specifically, the parties exchanged data and engaged in several rounds of negotiations that took place over multiple months.

The settlement is fair, adequate, and reasonable. Success was not certain. Both Parties could present arguments to support a wide range of reimbursement rates as

properly applicable here. Some of those arguments are primarily legal in nature (*i.e.*, whether the IRS standard business mileage rate is required), but some could require expert testimony to an arbitrator. As it is, Plaintiff is receiving approximately one-and-a-half times his unpaid wages through the settlement, which accounts for both his wage and liquidated damages claims. The compromise was reached to avoid the cost, time, and risk of going forward.

Plaintiff's release is also limited to scope of his wage and hour claims as alleged in the Complaint. The settlement agreement *does not* contain a general release.

Further, both parties were represented by competent counsel. Plaintiff's Counsel[2] works almost exclusively in wage and hour matters, including pizza delivery driver litigation. Defendants were also represented by experienced counsel. This court should "put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution." *Rodriguez v. West Publishing Corp.,* 563 F.3d 948, 965 (9th Cir. 2009). The Parties' Counsel opine the settlement is fair and reasonable.

For the reasons stated, the settlement is fair, adequate, and reasonable.

6. **The payment of attorneys' fees is reasonable.**

Plaintiff entered into a contingency fee agreement with his counsel under which Plaintiff's counsel is entitled to one-third of any award or settlement reached on his

---

[2] Plaintiff's Counsel Philip J. Krzeski is submitting a motion for *pro hac vice* admission concurrent with this Motion for Settlement Approval. Mr. Krzeski is well-versed in delivery driver mileage reimbursement cases. *See Arp v. Hohla & Wyss Enterprises, LLC*, No. 3:18-cv-119, 2020 WL 6498956, *7 (S.D. Ohio Nov. 5, 2020).

behalf, minus attorney's fees, plus costs. Based on the contingency fee agreement, Plaintiff's counsel is entitled to $5,400 in total fees plus costs. In this case, Plaintiff's counsel incurred costs of $400 for the filing fee. These costs were reasonable and should be approved.

7. **Conclusion**

The Parties respectfully request that the Court approve the Parties' individual settlement agreement and dismiss the Litigation with prejudice, with the Court to retain jurisdiction to enforce the Settlement, if necessary.

Respectfully submitted,

/s/ *Sara L. Bloom*
Sara L. Bloom, ASB #1509071
1120 Huffman Rd. Ste. 24-785
Anchorage, AK 99515
(907) 519-3613 telephone
(907) 345-8570 facsimile
sara@907lawyer.com

/s/*Philip J. Krzeski*
Philip J. Krzeski (*pro hac vice* application pending)
Biller & Kimble, LLC
8044 Montgomery Rd., Ste. 515
Cincinnati, Ohio 45236
Telephone: 513-7155-8712
Fax: 614-340-4620
pkrzeski@billerkimble.com

# CERTIFICATE OF SERVICE

I hereby certify under the penalty of perjury of the laws of the United States that on December 23, 2020, I electronically filed the foregoing JOINT MOTION AND MEMORANDUM IN SUPPORT OF WAGE AND HOUR SETTLEMENT APPROVAL with attached [Proposed] ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR WAGE AND HOUR SETTLEMENT APPROVAL the Clerk of the Court using the CM/ECF system and caused to be served a true and correct copy of same by the method indicated below and addressed as follows:

Catharine Morisset, ASB #0912083
Fisher & Phillips LLP
1201 3rd AVE., Suite 2750
Seattle, WA 98101
Tel. (206) 693-5076
Fax. (206) 682-7908
cmorisset@fisherphillips.com

Executed on December 23, 2020, in accordance with 28 USC § 1746.

/s/Sara L. Bloom
Sara L. Bloom